**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MAURO GUTIERREZ VAZQUEZ,

Petitioner,

v. No. 26-cv-2332-KWR-JMR

WARDEN, Otero County Processing Center, *et al*,

Respondents,

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner is an immigration detainee and is proceeding *pro se*. He raises due process violations and seeks, inter alia, a release from custody. The immigration court entered a removal order on June 10, 2026, and that order is final. *See* https://acis.eoir.justice.gov/en/caseInformation (Executive Office for Immigration Review automated case information website); *Riley v. Bondi*, 606 U.S. 259, 267 (2025) (addressing the finality of removal orders).

Where, as here, the petitioner is subject to a final order of removal, detention is governed by 8 U.S.C. § 1231. The Government is expected to secure a noncitizen's removal within 90 days after the removal order becomes final. *See Zadvydas,* 533 U.S. at 682; 8 U.S.C. § 1231(a)(1). "During the 90-day removal period, … [the noncitizen] must be held in custody." *Zadvydas,* 533 U.S. at 683 (citing § 1231). After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal. *Id.*; *see* 8 U.S.C. § 1231(a)(6). The Supreme Court determined that a 6-month detention period is presumptively

reasonable. *Zadvydas,* 533 U.S. at 701. "After this 6-month period, … the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional. *Id.*

As noted above, Petitioner's final removal order was entered less than 90 days ago. He is therefore subject to mandatory detention under 8 U.S.C. § 1231. Petitioner is also not entitled to a bond hearing. *See Gregorio, v. Warden,* 2026 WL 810004, at *2 (E.D. Cal. Mar. 24, 2026) ("Petitioner is … not entitled to a bond hearing because during the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory"); *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of [noncitizens] subject to … orders of removal, meaning those [noncitizens] are not entitled to a bond hearing").

Alternatively, even if Petitioner was not subject to mandatory detention, relief is unavailable because he is no longer in ICE custody. A recent mailing to Petitioner was returned as undeliverable. *See* Doc. 5. The ICE inmate locator website also reflects that Petitioner is no longer in immigration detention. *See* https://locator.ice.gov/odls/#/results. Petitioner has not provided an updated address as required by D.N.M. Local Civil Rule 83.6.

For reach alternative reason above, the Court will dismiss this case without prejudice. The dismissal is predicated on the failure to state a viable claim for relief under Habeas Rules 1 and 4, in light of § 1231's mandatory detention requirements, and alternatively, on the failure to prosecute/comply with local rules under Fed. R. Civ. P. 41(b). Petitioner may refile his claims, if he is re-detained or no longer subject to mandatory detention. The Court will also deny as moot Petitioner's Motions for Preliminary Injunction and to Stay Removal (Docs. 2, 3).

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**Doc. 1**) is **DISMISSED without prejudice**; Petitioner's Motions for Preliminary Injunction and

to Stay Removal (**Docs. 2, 3**) are **DENIED as moot**; and the Court will enter a judgment closing the civil habeas case.

**SO ORDERED**.

_____/S/____________________________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE